**Joo Suk KIM, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 15-72034

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed January 24, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*. The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Thomas A. Lappin, Esquire, Attorney, Law Office of Thomas A. Lappin, San Diego, CA, for Petitioner

Joseph Anthony O'Connell, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Joo Suk Kim, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying Kim's motion to reopen as untimely, where he filed his motion more than six years after his final administrative order of removal, *see* 8 C.F.R. § 1003.23(b)(1) (a motion to reopen must be filed within 90 days of a final order of removal), he concedes notice of the hearing, he concedes that his motion was untimely, and he does not assert any exceptional circumstance exception to the filing deadline, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (setting out exceptions to filing deadline).

Because this determination is dispositive, we do not reach Kim's contentions regarding removability.

To the extent Kim contends that the agency should have exercised its sua sponte authority to reopen his case, this court lacks jurisdiction to consider that contention. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.